**Miguel SANTILLAN–AVILEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–70296.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2013.*

Filed March 11, 2013.

Jaime Jasso, Esquire, Law Offices of Jaime Jasso, Westlake Village, CA, for Petitioner.

Miguel Santillan–Avilez, pro se.

OIL, U.S. Department of Justice, Tracey McDonald, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BERZON and WATFORD, Circuit Judges, and RAKOFF, Senior District Judge.**

## MEMORANDUM ***

Miguel Santillan–Avilez contends the Board of Immigration Appeals (BIA) and the immigration judge (IJ) should have applied the modified categorical analysis to determine whether Santillan's California conviction for possession of a controlled substance rendered him ineligible for cancellation of removal. But Santillan never put the BIA on notice of this issue, because he never mentioned it in his notice of appeal or his brief to the BIA. *See Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir.2008). Nor did the BIA review and discuss the issue in its decision affirming the IJ's order. Accordingly, Santillan's failure to exhaust his administrative remedies deprives us of subject-matter jurisdiction. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION DISMISSED.**

---

** The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.